(No. 910—Claimant awarded $5,861.41.)

LENNOX-HALDEMAN COMPANY, Claimant, vs. STATE OF ILLINOIS,
Respondent.

*Opinion filed May 1, 1925.*

CONTRACT—*when State liable.* Where extra material has been furnished
and extra work performed by claimant under a contract between it and the
State, and such material and work has been accepted by the State through
its authorized department, the State is liable for such extra work performed
and extra material furnished.

EDWARD J. SMEJKAL, for claimant.

OSCAR E. CARLSTROM, Attorney General; S. S. DUHAMEL,
Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The claimant, Lennox-Haldeman Company, a corporation,
incorporated under the laws of the State of Illinois, under and
by the terms of a certain contract made by and between it and
the defendant, State, a copy of which is incorporated in the
declaration. It alleges that it entered into a certain written
contract with the State of Illinois through the Department of
Public Works and Buildings, Cornelius R. Miller, director,
to provide all the materials and to perform the work shown
on the ceilings, metal lath and plastering, for the main build-
ing and Orthopedic buildings of the Research and Educational
Hospitals, South Wood, West Polk and South Lincoln Streets,
Chicago, Illinois, prepared by Richard E. Schmidt and Hugh
M. Garden under the direction of the Division of Architec-
ture and Engineering of the Department of Public Works and
Buildings of the State of Illinois, Edgar Martin, supervising
architect, and to do every thing required by the general con-
ditions of the contract, the specifications and drawings, etc.,
as shown in Exhibit "A" attached to the declaration. Article
3 of the contract showed that the owner was to pay contractor
for the performance of the contract $103,000.00 subject to ad-
ditions and deductions as provided in the general conditions
of the contract.

Article 18 provided for plaster patching etc., etc., the work
to be done under the supervising architect and his employes;
and was to be paid therefor the said contract price, "$103,-
000.00" plus any amount earned by it for extra work ordered
and approved by the supervising architect and in addition was

to be paid for patching plaster damaged by wokmen of other contracts when ordered by the supervising architect or his employes an amount equal to 15% of the amount expended by it for labor and material necessarily employed and furnished by it in so doing.

The claimant further alleges that at the direction of the supervising architect it furnished labor and materials and did plaster patching within the provisions of the contract as per bills rendered to the supervising architect on May 1, 1924 and at various other times from time to time. It earned $103,-000.00 under original contract price and furnished extras as shown and admitted by the Attorney General, amounting in all to $115,658.35; that it has been paid a total of $108,796.94, leaving a balance due claimant of $6,861.41 as shown by its Exhibit ''B'' attached to declaration.

A claim for the balance was submitted to the Department of Public Works and Buildings of the State; but no final action was ever taken thereon by said department. The Department of Public Works and Buildings through its proper officers and the Attorney General are agreed that the said balance is due and payable to complainant as claimed by it less a credit of $1000.00 for certain work not yet finished. The Attorney has thoroughly investigated the matter and consents in writing to an allowance to claimant in the sum of $5861.41. From the evidence and consent of the Attorney General, the court finds for the claimant, and awards it the sum of of Public Works and Buildings through its proper officers $5,861.41.